UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-337-GWU

DONNA CAMPBELL, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Donna Campbell brought this action to obtain judicial review of an unfavorable administrative decision on her application for Supplemental Security Income (SSI). The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to

Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. § 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. § 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid.

In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

**DISCUSSION**

The Administrative Law Judge (ALJ) concluded that Campbell, a 35-year-old former social services agency intervention assistant and property manager with a high school education, suffered from impairments related to obesity, neck pain secondary to degenerative disc disease of the cervical spine, possible multiple sclerosis, depression, a panic disorder, hypothyroidism, decreased hearing in the left ear, and being status post mastoidectomy. (Tr. 26, 33). While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work. (Tr. 32, 34). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 34-35). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 35).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence. The ALJ erred in evaluating Campbell's mental status. However, the current record also does not mandate an immediate award of SSI. Therefore, the court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant.

The hypothetical question presented to Vocational Expert Jackie Rogers included an exertional limitation to light level work, restricted from a full range by such non-exertional restrictions as (1) the need for a sit/stand at will option; (2) an inability to ever climb ropes, ladders, or scaffolds; (3) an inability to more than occasionally climb stairs and ramps, bend, twist, stoop, kneel, crouch or crawl; (4) an inability to ever operate foot controls; (5) a need to avoid exposure to industrial hazards, concentrated vibrations, concentrated dust, gases, fumes, temperature extremes or excess humidity; (6) a limitation to jobs requiring only entry level, simple repetitive procedures with no frequent changes in work routines; (7) an inability to perform work requiring problem solving or frequent independent planning; (8) an inability to more than occasionally interact with the public; and (9) no fast-paced assembly lines. (Tr. 902). Review of the medical record reveals that more severe mental restrictions than those presented were indicated.

The ALJ cited the opinion of Psychologist James Leisenring in support of his findings with regard to Campbell's mental status. (Tr. 34). Leisenring diagnosed anxiety and depressive disorder as well as low average intelligence. (Tr. 194). The plaintiff's Global Assessment of Functioning (GAF) was rated at 60. (Tr. 195). Such a GAF suggests the existence of "moderate" psychological symptoms according to the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders (4th Ed.--Text Revision), p. 34. Leisenring noted a number of mental limitations including a finding that the claimant would be "rather compromised" in her ability to respond to supervision, co-workers and work pressures in a work setting. (Id.). These are more severe mental restrictions than those found by the ALJ and included in the hypothetical question. Therefore, Leisenring's opinion does not support the administrative decision.

Campbell's mental status was also evaluated by Dr. Cletus Carvalho. Dr. Carvalho diagnosed a major depressive disorder, and a panic disorder with agoraphobia. (Tr. 295). The examiner opined that the claimant would have a "poor" ability to sustain concentration and persistence, respond to criticism from others, and respond to normal work pressures. (Tr. 296). These are more severe mental restrictions than those found by the ALJ and were also rejected by the ALJ. (Tr. 32). Thus, this report also does not provide support for the administrative decision.

Psychologists Edward Stodola (Tr. 311-312) and Ann Demaree (Tr. 393-394) each reviewed the record and completed a Mental Residual Functional Capacity Assessment Form. The reviewers each opined that Campbell would be "moderately" limited in such areas as (1) maintaining attention and concentration for extended time periods; (2) performing activities within a schedule, maintaining regular attendance and being punctual within customary tolerances; (3) completing a normal workday and workweek without interruptions from psychologically-based symptoms and performing at a consistent pace without an unreasonable length and number of rest periods; (4) interacting appropriately with the general public; and (5) responding appropriately to changes in the work setting. The hypothetical question presented to Rogers did not fully reflect all of these limitations. Therefore, these reports also do not provide support for the administrative decision.

Campbell sought treatment for her mental problems at Kentucky River Comprehensive Care. The issue of specific work restrictions was not addressed by the staff. (Tr. 398-415).

Psychologists Edward Stodola (Tr. 197) and Lea Perritt (Tr. 240) each reviewed the record during the processing on an earlier SSI application filed in July of 2000 (Tr. 76-81) and concluded that Campbell did not suffer from a "severe" mental impairment. An ALJ may rely upon the opinion of a non-examiner over that of an examining source when the non-examiner clearly states the reasons for his

differing opinion. Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994). However, Perritt did not have the opportunity to see and comment upon the evidence of record assembled during the processing of the plaintiff's current SSI application while Stodola clearly changed his opinion when he saw the record again and identified a number of serious mental limitations. Therefore, these reports do not provide support for the administrative denial decision and remand of the action for further consideration is required.

Campbell also alleges that the ALJ erred in evaluating her physical condition. Dr. Abdel Halim, a treating physician at the Chavies Clinic, limited the plaintiff from performing more than a restricted range of sedentary level work on a Physical Residual Functional Capacity Questionnaire. (Tr. 434-438). The ALJ rejected Dr. Halim's opinion as binding because the doctor relied primarily upon a diagnosis of multiple sclerosis which the ALJ did not believe was well-established by objective medical evidence in the record. (Tr. 34). The ALJ cited an October, 2003 MRI Scan of the brain showing no evidence to suggest multiple sclerosis (Tr. 356) and a June, 2005 MRI Scan which was reported to show no multiple sclerosis lesions (Tr. 421). The record reveals that the two consultant examiners, Dr. Mitchell Wicker (Tr. 207-209) and Dr. Mark Burns (Tr. 852-861), each reported largely normal physical findings and imposed no physical restrictions on the claimant. Campbell will need to obtain clarification of the objective basis of Dr. Halim's restrictions if she

wishes to rely upon them for her disability claim following the remand of this action.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration of her mental problems. Therefore, the court must grant the plaintiff's summary judgment motion in so far as such relief is achieved and deny that of the defendant. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 13th day of August, 2008.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

**Signed By:**

***G. Wix Unthank***

**United States Senior Judge**